ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE JADUE, | ) | CASE NO. 4:06CV0053 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHAEL CHERTOFF, etc., | ) | AND ORDER |
| | ) | [RESOLVING DOC. 8] |
| Defendant. | ) | |

This Title VII action filed under 42 U.S.C. § 2000e-16(e) is before the Court upon defendant Michael Chertoff, the Secretary of the Department of Homeland Security's Motion to Dismiss for Improper Venue (Doc. 8). The Court has reviewed the memorandum in support, the memorandum in opposition (Doc. 10), and reply memorandum (Doc. 14). Defendant moves the Court to dismiss this action upon the ground that venue in the Northern District of Ohio is improper under 42 U.S.C. § 2000e-5(f)(3). Plaintiff opposes the motion, but does not request that the case be transferred to another forum in the interest of justice.

Section 1406(a), 28 U.S.C. provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993). Transfer is generally preferable to dismissal. *Long v. Dart Intern., Inc.*, 173 F.Supp.2d 774, 777 (W.D.Tenn. 2001).

Title VII of the Civil Rights Act of 1964 has a specific venue provision, 42 U.S.C. § 2000e-5(f)(3). This section provides, in pertinent part, that a Title VII suit may be brought in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed,
> [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or
> [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. . . .

The parties agree that the venue provisions for cases brought under Title VII are determined by 42 U.S.C. § 2000e-5(f)(3).

For the reasons that have been articulated in the memoranda of the points and authorities on which the defendant relies in support of the motion, the Court concludes that it does not have jurisdiction to hear the case pursuant to Title VII's above-quoted venue-laying provision. Accordingly,

Defendant Michael Chertoff, the Secretary of the Department of Homeland Security's Motion to Dismiss for Improper Venue (Doc. 8) is CONDITIONALLY GRANTED. *Bolar v. Frank*, 938 F.2d 377, 378-79 (2d Cir. 1991). Plaintiff has 21 days from the date of this order to file a motion that the case be transferred to another forum. *See Quinn v. Watson*, 119 Fed.Appx. 517 (4th Cir. Jan 14, 2005).

IT IS SO ORDERED.

| | |
|---|---|
| May 30, 2006 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |

2