ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GEORGE JADUE, ) | CASE NO. 4:06CV0053 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MICHAEL CHERTOFF, etc., ) | AND ORDER |
| ) | [RESOLVING DOC. 20] |
| Defendant. ) | |

This Title VII action filed under 42 U.S.C. § 2000e-16(e) is before the Court upon plaintiff's Motion to Transfer (Doc. 20). The Court has reviewed the memorandum in support and memorandum in opposition (Doc. 21), and considered the entire record in this matter. In response to the Court's prior Memorandum of Opinion and Order (Doc. 19), entered on May 30, 2006, the plaintiff moves the Court to transfer this action to the United States District Court for the Southern District of Texas upon the ground that venue in the Northern District of Ohio is improper under 42 U.S.C. § 2000e-5(f)(3).

Section 1406(a), 28 U.S.C., authorizes a district court to transfer a case when venue was improper in the original forum. Specifically, § 1406(a) provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993). The Court finds that transfer of the case at bar will serve the interest of justice.

For good cause shown, the Motion to Transfer (Doc. 20) is GRANTED. Accordingly,

This case will be transferred to the United States District Court for Southern District of Texas.

IT IS SO ORDERED.

 June 30, 2006                                            /s/ John R. Adams
Date                                                            John R. Adams
                                                                  U.S. District Judge